```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HELAYNE SEIDMAN,
                                                                      REPORT & RECOMMENDATION
                                    Plaintiff,                        23 CV 7071 (NRM)(LB)
        -against-

YID INFO INC.,

                                    Defendant.
----------------------------------------------------------------X
```

**BLOOM, United States Magistrate Judge:**

Plaintiff Helayne Seidman brings this action against defendant Yid Info Inc. ("Yid Info") alleging copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 501 et. seq. Despite proper service of the summons and complaint, defendant has failed to plead or otherwise defend this action. Plaintiff now moves for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The Honorable Nina R. Morrison referred plaintiff's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion should be granted and plaintiff should be awarded $5,000.00 in statutory damages, $3,780.00 in attorney's fees, and $457.00 in costs.

## BACKGROUND[1]

Plaintiff is a professional photographer who commercially licenses her photographs. Complaint, ECF No. 1 ¶ 10. This action concerns plaintiff's photograph of Rabbi Erica Gerson and her daughter Talia standing in a crosswalk ("the Photograph"). Id. ¶ 2; ECF No. 1-1. Plaintiff

---

[1] The facts are drawn from the uncontested allegations in plaintiff's complaint, as well as documents incorporated by reference, and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

1

first published[2] the Photograph on February 12, 2022 and registered it with the United States Copyright office on March 27, 2022 (Registration No. VA 2-296-422). ECF No. 1 ¶¶ 14, 16.

Defendant Yid Info Inc. is a New York corporation that owns and operates a website, yidinfo.net. Id. ¶¶ 3, 6. Plaintiff alleges that on February 14, 2022, defendant copied and displayed the Photograph on its website without her authorization or consent as part of an online news story headlined, "NYC Crossing Guard Suspended After Abusing Rabbi and Child with Antisemitic Slurs." Id. ¶¶ 4, 22; ECF No. 1-2. Plaintiff discovered the infringement on April 11, 2022. ECF No. 1 ¶ 26.

## PROCEDURAL HISTORY

Plaintiff filed the complaint in this action on September 22, 2023. ECF No. 1. Plaintiff timely served defendant with the summons and complaint through the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306. ECF No. 6. Defendant did not respond to the complaint or otherwise appear in this action. On November 15, 2023, the Clerk of Court noted entry of defendant's default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 9. Plaintiff now moves for a default judgment,[3] ECF No. 11, and the motion has been referred to me.

## DISCUSSION

### I. Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

---

[2] The complaint does not state where the Photograph was first published. However, plaintiff's affidavit in support of the instant motion states that the Photograph was first published by the New York Post. ECF No. 11-8 ¶ 9.
[3] Pursuant to Local Rule 55.2(c), plaintiff filed an affirmation of service stating that the motion and supporting papers were mailed to defendant's last known business address. ECF No. 12.

affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc., 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993)). "Accordingly, [a] plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997); see also Universal Elec. Corp., 970 F. Supp. 2d 108, 119 (E.D.N.Y. 2013). Regardless of the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the Court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (quotation and citation omitted).

II. **Liability**

The Copyright Act generally provides a copyright holder with exclusive rights to copy, reproduce, or otherwise distribute a protected work. 17 U.S.C. § 106; see also Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 668 (2014) ("The Copyright Act . . . grants copyright protection to original works of authorship."). "The Copyright Act encourages creativity by granting to the author of an original work 'a bundle of exclusive rights.'" Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508, 526 (2023) (quoting Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 546 (1985)).

To establish a claim for copyright infringement, a plaintiff must demonstrate "(i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Sohm v. Scholastic Inc., 959 F.3d 39, 48 (2d Cir. 2020) (quoting Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003)).

Plaintiff has established ownership of a valid copyright. "A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright." Jorgensen, 351 F.3d at 51 (citing 17 U.S.C. § 410(c)). Federal copyright registration creates a "presumption that the work in question is copyrightable" that defendant bears the burden to rebut. Fonar Corp v. Domenick, 105 F.3d 99, 104 (2d Cir. 1997) (quoting Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir. 1989)). Plaintiff alleges that she created the Photograph and owns the rights and licenses for its uses. ECF No. 1 ¶ 2. Plaintiff provided a certificate of registration for the Photograph (among 95 others) issued by the United States Register of Copyrights. ECF No. 11-9. As defendant fails to rebut the presumption because it has defaulted, plaintiff has established the validity of the copyright.

Plaintiff has also established unauthorized copying of her copyrighted work. A defendant is liable for infringement under the Copyright Act where "(1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's" work. Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 110 (2d Cir. 2001) (quoting Hamil Am., Inc. v. GFI, Inc., 193 F.3d 92, 99 (2d Cir. 1999)). Actual copying may be shown where "the two works are so strikingly similar as to preclude the possibility of independent creation." Stokes v. MilkChocolateNYC LLC, 681 F. Supp. 3d 226, 238 (S.D.N.Y. 2023) (quoting Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995)). "Substantial similarity, in turn, hinges on 'whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" Id. (quoting Hamil, 193 F.3d at 100). Plaintiff must also demonstrate that the Photograph is her original work—a minimal burden, as "[a]lmost any photograph may claim the necessary originality to support a copyright, as long as there is some originality in rendition, timing or creation of the subject." O'Neil v. Ratajkowski, 563 F. Supp. 3d 112, 125 (S.D.N.Y. 2021) (quoting Mannion v. Coors Brewing Co., 377 F. Supp. 2d 444, 450, 452–55 (S.D.N.Y. 2005)) (alterations omitted).

Plaintiff alleges that the Photograph is her original work, ECF No. 1 ¶ 15, and that defendant published the Photograph on its website without her permission or authorization. Id. ¶¶ 4, 22. Plaintiff provides a screenshot of defendant's website, which shows an exact copy of plaintiff's Photograph, with a smaller image of a crossing guard superimposed in the top right corner. ECF No. 1-2. This is sufficient to allege a violation of the Copyright Act. See Stokes, 681 F. Supp. 3d at 238 ("The Complaint alleges that [defendant] willfully posted the Photograph on its Instagram account, thus demonstrating actual copying . . . . And, in any event, the photograph appearing on the Instagram posts appears to be identical and indisputably strikingly similar to the

5

Photograph, thus precluding the possibility of independent creation . . . and establishing substantial similarity of the Photograph's protectable elements."); Proimos v. Madison Prop. Grp., No. 20-CV-4832, 2021 WL 4391238, at *1 (S.D.N.Y. Sept. 24, 2021) ("The images are identical. These allegations are sufficient to make out a claim for copyright infringement."). As such, plaintiff has established defendant's liability for copyright infringement and is entitled to damages.

## III. Relief

### a. Injunctive relief

Under the Copyright Act, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "A court may grant a permanent injunction on a motion for default judgment." Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015). Here, plaintiff seeks to permanently enjoin defendant from "displaying the Photograph on its Website or in any alternative medium under the Defendant's control." ECF No. 11-1 at 23.

"In copyright cases, courts routinely award injunctive relief where liability is established and there is a threat of continuing infringement." Stokes, 681 F. Supp. 3d at 242 (quotation, citation, and alterations omitted). "Once success on the merits is established, 'a plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" Id. (quoting Salinger v. Colting, 607 F.3d 68, 77-78 (2d Cir. 2010)) (alterations omitted).

Plaintiff's complaint establishes defendant's liability, and thus plaintiff has demonstrated success on the merits. Stokes, 681 F. Supp. 3d at 242. Moreover, all four factors weigh in favor of granting plaintiff a permanent injunction.

First, as to irreparable injury, "courts issue injunctions in copyright cases because it is notoriously difficult to prove the loss of sales due to infringement and the threat of continuing violations establishes the necessary irreparable harm." Stokes, 681 F. Supp. 3d at 243 (citation omitted). Defendant's default in this action demonstrates such threat of continuing violations. See Ideavillage Prod. Corp. v. Bling Boutique Store, No. 16-CV-9039, 2018 WL 3559085, at *5 (S.D.N.Y. July 24, 2018) (finding that defendant's "refusal to defend this action creates a threat that they will continue to infringe Plaintiff's trademarks unless permanently enjoined from doing so").

Second, money damages are inadequate because defendant has defaulted and is in a position to continue its infringement. See Stokes, 681 F. Supp. 3d at 243 ("[A] plaintiff has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing its copyright.") (quotation and citation omitted); Pearson Educ., Inc. v. Vergara, No. 09-CV-6832, 2010 WL 3744033, at *4 (S.D.N.Y. Sept. 27, 2010) ("No evidence exists in the record to suggest that [defendant] has or will stop copying . . . . Hence, an award of monetary damages cannot adequately compensate the plaintiffs for the harm they have suffered."). Defendant's website appears to be down as the date of this Report, and thus defendant is not in a position to continue the infringement on yidinfo.net. However, a Google search of defendant's name reflects that defendant maintains active accounts on Instagram (@yidinfo), YouTube (@yidinfo), and X

(@YidInfoOfficial), all of which describe YidInfo as a news source and identify yidinfo.net as the website affiliated with the accounts.[4]

Third, the balance of hardships favors plaintiff, as the defaulting defendant has failed to identify any legitimate hardship. See McGraw-Hill Glob. Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) ("It is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product.") (quotation, citation, and alterations omitted); Buttnugget Publ'g v. Radio Lake Placid, Inc., 807 F. Supp. 2d 100, 109 (N.D.N.Y. 2011) ("[T]o commence litigation for each future violation would be an extreme hardship, while preventing defendants from continually infringing on plaintiffs' copyrighted material is not.").

Finally, enjoining defendant from using the Photograph would not disserve the public interest, as "the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." Beastie Boys v. Monster Energy Co., 87 F. Supp. 3d 672, 679 (S.D.N.Y. 2015) (quoting WPIX, Inc. v. ivi, Inc., 691 F.3d 275, 287 (2d Cir. 2012)) (alterations omitted).

The Court questions whether a permanent injunction is necessary for a single infringement of a photograph, particularly where plaintiff does not allege that defendant has engaged in a pattern of infringement or failed to respond to a request to cease the infringement prior to commencement of the action. Cf. Sadowski, 2023 WL 2707096 at *1 (granting permanent injunction for single infringed photograph where plaintiff sent written notification of infringement prior to filing the action and the photograph continued to be displayed on defendant's website). Nonetheless, in the interests of affording plaintiff complete relief, and in light of defendant's active social media

---

[4] "It is generally proper to take judicial notice of articles and Web sites published on the Internet." Patsy's Italian Rest., Inc. v. Banas, 575 F. Supp. 2d 427, 443 (E.D.N.Y. 2008), aff'd, 658 F.3d 254 (2d Cir. 2011).

accounts and failure to defend this action, I respectfully recommend that plaintiff's request for a permanent injunction should be granted, and defendant should be permanently enjoined from ever using the Photograph.

### b. Damages

It is well established that a default is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (quotation and citation omitted); see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary evidence" may be sufficient. Cement & Concrete Workers, 699 F.3d at 234.

A plaintiff may recover either actual or statutory damages under the Copyright Act. 17 U.S.C. § 504(a). Plaintiff seeks statutory damages.[5] The Court may award statutory damages between $750 and $30,000 per work infringed, as it "considers just." 17 U.S.C. § 504(c)(1). In cases of willful infringement, the Court can increase the award to up to $150,000. 17 U.S.C. § 504(c)(2). "It is well-established that district courts have broad discretion in setting the amount of

---

[5] Although defendant's infringement occurred before the effective date of plaintiff's copyright, plaintiff may nonetheless recover statutory damages and attorney's fees. Under the Copyright Act, statutory damages and attorney's fees are available for an infringement that occurs before the effective date of a copyright registration, provided that "such registration is made within three months after the first publication of the work." On Davis v. The Gap, Inc., 246 F.3d 152, 158 n.1 (2d Cir. 2001) (quoting 17 U.S.C. § 412)). Plaintiff registered the Photograph on March 27, 2022, within three months of its first publication on February 12, 2022. ECF No. 11-8 ¶¶ 7-9.

statutory damages within the minimum and maximum amounts prescribed by the Copyright Act." NFL v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 472 (S.D.N.Y. Feb. 5, 2001). In exercising such discretion, courts weigh:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010). When a defendant defaults, its infringement is "deemed willful," Rovio, 97 F. Supp. 3d at 546, and plaintiff receives the "benefit of the doubt" in the Court's analysis of the Bryant factors. Dermansky v. Tel. Media, LLC, No. 19-CV-1149, 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) (citation omitted).

"Courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid." Broadcast Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) (collecting cases). As such, the Court must determine "both the licensing fee . . . as well as the appropriate multiplier of that fee." Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 375 (S.D.N.Y. 2019), aff'd, 970 F.3d 167 (2d Cir. 2020); see also Barcroft Media, Ltd. v. Coed Media Grp., LLC, 297 F. Supp. 3d 339, 360 (S.D.N.Y. 2017) (awarding statutory damages based on a license fee found to be the "closest proxy" to what defendant would have paid).

Here, plaintiff seeks an award of $10,125.00 in statutory damages, a figure calculated by multiplying plaintiff's asserted licensing fee of $2,025.00 by five. ECF No. 11-1 at 17. Although plaintiff licensed the Photograph to the New York Post, ECF No. 11-8 ¶ 9, she does not provide the licensing fee paid by the Post for the photograph. Instead, she bases her requested fee on a Getty Images estimate for a paparazzi-style photograph of a young Catherine Deneuve. ECF No.

11-10. Plaintiff reasons that because the Catherine Deneuve photograph is also her work, it is "appropriate to represent what [she] would have charged Defendant for the use of the Photograph." ECF No. 11-8 ¶ 22.

The Court is not persuaded that a photograph of a French celebrity considered by some to be one of the greatest actors of the 21st century[6] outside of a movie premiere[7] is a close proxy for a photograph of a rabbi and her daughter standing in a New York City crosswalk. Cf. McDermott v. NYFireStore.com, Inc., No. 18-CV-10853, 2021 WL 952455, at *3 (S.D.N.Y. Jan. 15, 2021), report and recommendation adopted, 2021 WL 950507 (S.D.N.Y. Mar. 12, 2021) (finding that Getty Images estimate was "adequate evidence of a comparable licensing fee" for infringed photograph despite minor "immaterial" differences where both photographs were of New York City firefighters kneeling in debris on 9/11); Cuffaro v. Fashionisto LLC, No. 19-CV-7265, 2020 WL 5077449, at *4 (S.D.N.Y. July 9, 2020), report and recommendation adopted, 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020) (finding Getty Image estimate to be a reasonable estimation of licensing fee where "both photographs are black and white shots of the same subject"). While statutory damages need not directly correlate to actual damages, a statutory award should still "bear some relation to actual damages suffered." BWP Media USA, Inc. v. Gossip Cop Media, Inc., 196 F. Supp. 3d 395, 410 (S.D.N.Y. 2016) (citation omitted). As such, courts commonly "tether their assessment of statutory damages to 'the [copyright] owner's loss of the fair market value of the license fees he might have exacted of the defendant.'" Michael Grecco Prods., Inc. v.

---

[6] See Manohla Dargis & A.O. Scott, *The 25 Greatest Actors of the 21st Century (So Far)*, NEW YORK TIMES (Nov. 25, 2020), https://www.nytimes.com/interactive/2020/movies/greatest-actors-actresses.html.

[7] Plaintiff does not characterize the subject or context of the Getty Images photograph. However, plaintiff's Getty Images profile states that the photograph depicts Catherine Deneuve arriving at a 1992 movie premiere in New York. See French Actress Catherine Deneuve, GETTY IMAGES, https://www.gettyimages.com/detail/news-photo/french-actress-catherine-deneuve-arrives-at-the-us-movie-news-photo/185192410?adppopup=true (last accessed May 21, 2024).

Function(X) Inc., No. 18-CV-386, 2019 WL 1368731, at *3 (S.D.N.Y. Mar. 11, 2019) (quoting On Davis v. Gap, Inc., 246 F.3d 152, 166 (2d Cir. 2001)). Plaintiff fails to establish that the Getty Images estimate is a close proxy for what she would have charged defendant for use of the Photograph, an issue that goes to defendant's expenses saved (factor two) and plaintiff's lost revenue (factor three). The differences between the photographs are not immaterial. As such, the Court does not accept plaintiff's estimate of her statutory damages based on the Deneuve photograph's licensing fee.

Moreover, because plaintiff alleges that she licensed the Photograph to the New York Post but elected not to disclose the actual fee, the Court may infer that "any lost revenue is *de minimis*." Hirsch v. Sell It Soc., LLC, No. 20-CV-153, 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020); see also Seelie v. Original Media Grp. LLC, No. 19-CV-5643, 2020 WL 136659, at *5 (E.D.N.Y. Jan. 13, 2020) (inferring *de minimis* lost revenue for purposes of determining statutory damages where plaintiff withheld usual licensing fee); Mantel v. Smash.com Inc., No. 19-CV-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (noting a "seeming absence of tangible harm" where plaintiff, a professional photographer, licensed the photograph at issue but did not provide that fee in support of request for statutory damages).

Nevertheless, although the Court does not adopt plaintiff's purported licensing fee as the basis for a multiplier, other Bryant factors militate in favor of awarding plaintiff meaningful damages. In light of defendant's default, the Court may infer willful infringement (factor one), and defendant has not cooperated in providing evidence regarding the value of the infringing material (factor five). See Innovation Ventures, LLC v. Ultimate One Distrib. Corp., No. 12-CV-5354, 2017 WL 10088143, at *5 (E.D.N.Y. Mar. 21, 2017) ("[C]ourts in this circuit have consistently found that . . . copyright infringement may be deemed willful by virtue of a defendant's default,

without a further showing by the plaintiff."); Farrington v. Jewish Voice Inc., No. 21-CV-1575, 2022 WL 541645, at *5 (E.D.N.Y. Feb. 23, 2022) ("Defendant's default also supports a finding as to the fifth factor—that Defendant did not cooperat[e] in providing evidence concerning the value of the infringing material.") (quotation and citation omitted). Moreover, as to the deterrent effect of the award (factor four), defendant runs a news website and social media accounts, and is thus "in a position to repeat the unauthorized reproduction of copyrighted material." Sadowski v. Yeshiva World News, LLC, No. 21-CV-7207, 2023 WL 2707096, at *7 (E.D.N.Y. Mar. 16, 2023), report and recommendation adopted, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023) (citation omitted).

Accordingly, the Court concludes that a statutory award of $5,000 is appropriate here. See Corson v. Netmedia101, LLC, No. 23-CV-4136, 2023 WL 7017069, at *4 (E.D.N.Y. Oct. 25, 2023) (awarding $5,000 in statutory damages for single infringed photograph where plaintiff withheld her actual licensing fee and finding that such an award achieves "the dual purposes of statutory damages under the Copyright Act—compensation and deterrence"); Hirsch, 2020 WL 5898816, at *5 ("Other courts have awarded $5,000 in statutory damages under similar circumstances, a single infringement for unlicensed use of one or two photographs."). Therefore, I recommend that the Court should award plaintiff $5,000 in statutory damages.

### IV.  Attorney's fees and costs

Plaintiff seeks an award of $5,775.00 in attorney's fees. ECF No. 11-1 at 6. Under the Copyright Act, the Court "may allow the recovery of full costs by or against any party [and] . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "An award of attorney's fees to a plaintiff in a copyright action is generally appropriate where the defendant has defaulted." Alvarado v. VNY Media Corp., No. 21-CV-4565,

2022 WL 2834655, at *5 (E.D.N.Y. July 20, 2022) (citation and alterations omitted). In calculating appropriate fees, the court must determine "the 'lodestar' amount, or the 'product of a reasonable hourly rate and the reasonable number of hours required by the case.'" Dermansky, 2020 WL 1233943, at *7 (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)).

### a. Rates

Under the forum rule, courts should "generally use the hourly rates employed in the district in which the reviewing courts sits in calculating the presumptively reasonable fee." FNTV, LLC v. Starnes Media Grp. LLC, No. 22-CV-4042, 2023 WL 7000848, at *7 (E.D.N.Y. Aug. 10, 2023) (quoting Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009)). "In copyright cases, courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners and $200 to $325 for senior associates." Id. (quoting Martinka v. Yeshiva World News, LLC, 20-CV-5330, 2022 WL 4484655, at *7 (E.D.N.Y. Sep. 27, 2022)) (quotations omitted).

Here, plaintiff submits the declaration of Craig B. Sanders, Esq., founding partner of Sanders Law, PLLC and Sanders Law Group, along with a "Statement of Fees" documenting the hours spent on the case: 1 hour of work performed by Mr. Sanders at a requested rate of $750 per hour; 9.2 hours of work performed by attorney Jaymie Sabilia-Heffer at $500 per hour; and 3.4 hours of work performed by paralegals Ryan Feldman, Julie Busch, and Laura Costigan at $125 per hour. ECF No. 11-2 at 4-5. Mr. Sanders' declaration states that he graduated from the University of Pennsylvania Law School in 1993 and has over thirty years of experience in civil litigation. ECF No. 11-2 ¶ 10. He is admitted to practice law in New York, New Jersey, Florida, California, Utah, Colorado, Maryland, and Washington. Id. Ms. Sabilia-Heffert graduated from Touro Law School in 2015 and was admitted to practice in New York in 2016. Id. ¶ 11. No information is provided regarding the paralegals' backgrounds or experience.

Mr. Sanders' requested hourly rate of $750 is nearly double the rate that courts have approved for partners in this district. The Court instead finds $450 per hour is a reasonable rate for Mr. Sanders, "[b]ased on the customary rate in this district for an attorney of his level and experience as well as the straightforward nature of this case." BWP Media USA, Inc. v. Mishka NYC LLC, No. 13-CV-4435, 2016 WL 8309676, at *6 (E.D.N.Y. Dec. 28, 2016), report and recommendation adopted sub nom. BWP Media USA Inc. v. Death Adders Inc., 2017 WL 880855 (E.D.N.Y. Mar. 3, 2017) (finding $400 per hour to be a reasonable rate for Mr. Sanders in a copyright infringement action). Ms. Sabilia-Heffer's requested rate of $500 per hour is similarly almost double the high end of the rates awarded to senior associates in this district. The Court finds an award of $325 per hour is reasonable for Ms. Sabilia-Heffer. Finally, in light of plaintiff's failure to justify a $125 hourly rate for the three paralegals, the Court recommends a reduced rate of $100 per hour. See Protection One Alarm Monitoring, Inc. v. Executive Protection One Security Service, LLC, 553 F. Supp. 2d 201, 209 (E.D.N.Y. 2008) ("Where the moving party fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested."); see also Martinka v. Yeshiva World News, LLC, No. 20-CV-5330, 2022 WL 4484655, at *8 (E.D.N.Y. Sept. 27, 2022) (assigning a $100 hourly rate to paralegals).

### b. Reasonableness of hours

"Once reasonable fees are established, a court must determine the reasonableness of hours expended." FNTV, 2023 WL 7000848, at *7. The Court finds the time spent on this case—10.2 hours by counsel and 3.4 hours by paralegals—to be reasonable. Compare Martinka, 2022 WL 4484655, at *7 (finding 9.1 hours spent by counsel and 16.3 hours spent by paralegals to be reasonable on motion for default judgment in copyright infringement action) with Myeress v. Elite

Travel Grp. USA, No. 18-CV-340, 2018 WL 5961424, at *5 (S.D.N.Y. Nov. 14, 2018) (finding 7 hours to be reasonable in default copyright infringement action), Sadowski v. Digital One Media, No. 22-CV-5366, 2023 WL 8530124, *5 (July 24, 2023) (2.3 hours), and FNTV, 2023 WL 7000848, at *7 (3.8 hours). As such, I recommend that plaintiff should be awarded $3,780.00 in attorney's fees, which represents Mr. Sanders' 1 hour of work at a rate of $450 per hour; Ms. Sabilia-Heffer's 9.2 hours at a rate of $325 per hour; and the 3.4 hours performed by paralegals Ryan Feldman, Julie Busch, and Laura Costigan at a rate of $100 per hour.

### c. Costs

Plaintiff requests $457.00 in costs, comprised of the $402.00 filing fee and $55.00 for service of process on defendant. ECF No. 11-2 at 6. The Court may take judicial notice of the $402 filing fee and has verified plaintiff's payment of the fee on the docket. Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs v. Coastal Envtl. Grp Inc., No. 18-CV-5791, 2019 WL 5693916, at *12 (E.D.N.Y. Aug. 30, 2019). Additionally, plaintiff submitted an invoice from Teitel Service Bureau, Inc. reflecting $55.00 for service of process on defendant. ECF No. 11-7. Accordingly, I recommend that the Court should award plaintiff $457.00 in costs.

### V. Post-judgment interest

Finally, Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. ECF No. 11-1 at 2. Pursuant to 28 U.S.C. § 1961(a), "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017) (quotation, citation, and alteration omitted). Id. Accordingly, I recommend that the Court should award plaintiff post-judgment

interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a) from the date of the entry of judgment in this case until the date defendant satisfies the judgment.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for a default judgment should be granted, and plaintiff should be awarded $5,000.00 in statutory damages, $3,780.00 in attorney's fees, and $457.00 in costs. I further recommend that the Court should issue a permanent injunction prohibiting defendant from using the Photograph. Plaintiff is hereby ordered to serve a copy of this Report upon defendant at its last known address and to file proof of service with the Court forthwith.

## FILING AN OBJECTION TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: June 11, 2024
      Brooklyn, New York